UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN MCLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-1310 |
| | ) |
| OLD DOMINION FREIGHT LINE, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff John McLaughlin through undersigned counsel Sean McGivern & Nathan Elliott of Graybill & Hazlewood, LLC, states and alleges for his cause of action against Old Dominion Freight Line, Inc.:

1. Plaintiff John McLaughlin is a resident of the state of Kansas.

2. Defendant Old Dominion Freight Line, Inc., a Virginia corporation, is a trucking company that transports general commodity freight in interstate commerce using a network of service centers, one of which is located in Wichita, Kansas.

3. At all times relevant to the allegations in this Complaint, Defendant had more than five hundred employees.

4. Plaintiff began working for Defendant in 2005, due to Defendant's acquisition of Wichita Southeast Transit.

5. On March 16, 2018, Mclaughlin injured himself at work. It was determined to be a left medial meniscus tear. Plaintiff requested and received approved leave from work and

underwent knee surgery. Plaintiff was ultimately given a release to return to work date of June 4, 2018.

6. Defendant required Plaintiff to take a step test at a Via Christi medical clinic before he could return to work. Plaintiff failed this test due to pneumonia and an extremely high heart rate.

7. Defendant's Leave of Absence Coordinator, Jacqueline Paduani, told Plaintiff he would have thirty days to retake the test to return to work.

8. Defendant has allowed other employees to return to work following knee surgery without taking a step test.

9. The step test has the effect of discriminating against individuals on the basis of disability.

10. The step test screened out Plaintiff, who has covered disabilities, and others with similar disabilities.

11. As employed by Defendant, the step test is neither job-related nor consistent with busines necessity.

12. But on June 7, 2018, Paduani notified Plaintiff that he would have to retake the test the next day, on June 8, 2018 at 11:00 AM.

13. Plaintiff told Paduani that he could not breathe, and actually he was on his way to the doctor's office. Paduani said she did not care and affirmed that Plaintiff would be required to take the step test the next day at 11:00 AM.

14. Plaintiff saw his doctor on June 7, 2018 and learned he had pneumonia. On the morning of June 8, 2018, Plaintiff's doctor notified him he had blood clots and pulmonary

embolism and put on him a blood thinner. The doctor's office told Plaintiff they would contact the Via Christi clinic administering the step test that Plaintiff was not able to do it that day.

15. Via Christi called Plaintiff and confirmed that it would not be administering a step test under his current state of health.

16. Plaintiff was diagnosed with pulmonary embolism on June 8, 2018, and he suffered from pneumonia as well.

17. Therefore, Plaintiff's physician extended Plaintiff's return to work date through August 20, 2018.

18. Plaintiff's medical conditions constitute disabilities under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, in that they substantially impair many major life activities, including breathing, standing, bending, focusing, and concentrating, as well as major bodily functions, including neurological, brain, respiratory and circulatory functions.

19. Plaintiff kept Defendant up to date about his status and his intention to return to work on August 20, 2018, the date his physician selected.

20. On July 30, 2018, Plaintiff noticed a payment from Defendant in his checking account. Plaintiff called the local terminal in Wichita and asked if he had been fired, because the amount deposited appeared to be what remained of his vacation pay.

21. Dana Wolf at the local terminal told Plaintiff that that she did not know what was going on, and that he had not been terminated. Wolf told Plaintiff he should contact corporate payroll to find out what had happened.

22. Plaintiff called Defendant's payroll department that day and learned he had been terminated on July 30, 2018.

23. Plaintiff then called Defendant's Human Resources Department and spoke with Dee Dee Cox. She told Plaintiff that he had been terminated because his FMLA ran out.

24. Plaintiff then spoke with Jerry McGlowen, Defendant's Regional Human Resources and Development Manager.

25. McGlowen told Plaintiff that he would take care of the situation. Technically it would require a rehire, but that would not be a problem. McGlowen said he just had to get Carl Brown (SVC Manager for the Wichita Service Center), to approve the rehire.

26. Plaintiff never heard back from McGlowen.

27. On August 20, 2018, Plaintiff was fully released to return to work. Plaintiff obtained his DOT physical and card Less than a week later.

28. On August 31, 2018, Plaintiff stopped at local terminal to speak with Carl Brown.  Brown denied any knowledge of Plaintiff being fired.

29. Brown told Plaintiff he had a "combo" position open. Plaintiff requested the position.

30. Brown said he would call McGlowen to make sure he could bring Plaintiff back to work.

31. Plaintiff applied for a city driver position on September 4, 2018 through Defendant's website.

32. Within an hour of Plaintiff's application, Defendant pulled this job posting from its website.

33.  On September 12, 2018, Plaintiff called Jerry McGlowen. McGlowen told Plaintiff that he needed to speak with Brown about returning Plaintiff to work.

34. Plaintiff has never heard back from Defendant.

35. At all times relevant to the allegations in this Complaint, Plaintiff was a "qualified individual with a disability," as that term is used in the ADA.

36. Defendant violated Plaintiff's rights under the ADA, including those specified in 42 U.S.C. § 12112(a) and (b), and 42 U.S.C. § 12203(a) and (b).

37. Defendant's violations of the ADA have caused Plaintiff to suffer ongoing economic and noneconomic harm.

38. Defendant acted willfully and maliciously towards Plaintiff.

39. Plaintiff has satisfied all conditions precedent to bringing this action in that he has exhausted administrative remedies.

Wherefore, Plaintiff John McLaughlin prays that judgment be entered against Defendant Old Dominion Freight Line, Inc., for declaratory relief, injunctive relief, equitable relief, and damages, including punitive damages, in an amount exceeding $75,000.00, as well as attorneys fees, expert witness fees, and costs.

**Plaintiff John McLaughlin designates Wichita, Kansas as the place of trial.**

**Plaintiff John McLaughlin demands trial by jury.**

November 9, 2020                         GRAYBILL & HAZLEWOOD, LLC

/s Sean McGivern
Sean M. McGivern, #22932
Nathan R. Elliott, #24657
218 N. Mosley
Wichita, KS 67202
Telephone: (316) 266-4058
Facsimile: (316) 462-5566
sean@graybillhazlewood.com
nathan@grabillhazlewood.com
Attorneys for Plaintiff